UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

IN RE: )
 )
WILLIAM L. TROUTT and ) No. 09-40555
NANCY E. TROUTT, )
          Debtors. )

## O P I N I O N

Prior to the filing of their Chapter 13 case in bankruptcy, the Debtors entered into a home improvement contract, which included a Uniform Commercial Code (UCC) security agreement, with Energy Doctor of Illinois, LLC for the installation of an energy guard for their house. The energy guard is an insulation blanket that is installed on the attic floor over existing insulation. It is cut to fit the contours of the attic floor and around roof support beams in the attic and is stapled down to prevent movement. The contract was then assigned to American General Financial Services, Inc. (American). Neither a UCC financing statement nor a real estate mortgage was taken and recorded.

The Debtors filed their Chapter 13 case and treated the claim of American as unsecured. American filed a secured claim and objected to confirmation of the Debtors' plan on the grounds that it should be treated as a secured creditor. American asserts that the energy guard is classified under the UCC as a consumer good and that no filing was required to perfect its security interest. The Debtors counter that the energy guard is a fixture and that either a UCC financing statement or a mortgage had to be filed to perfect the security interest.

There are two basic concepts to a secured transaction under the UCC, one is attachment and the other is perfection. Professor Gilmore, in his book, summarizes them as follows:

> §11.5. "Attachment" of a security interest (§9-204). Section 9-204 goes into some detail about the time when a security interest "attaches." "Attach" is used to mean that all the events necessary for the creation of a security interest have taken place. In most situations an additional step – filing or taking possession of the collateral by the secured party – will be necessary to "perfect" the security interest; until that additional step has been taken, the security interest is "unperfected," which

means that it is subordinate to the rights of lien creditors and purchasers without notice and, consequently, void against the debtor's trustee in bankruptcy.

Grant Gilmore, SECURITY INTERESTS IN PERSONAL PROPERTY, Vol. I, §11.5.

Section 9-102(44) of the UCC as adopted in Illinois, defines "goods" as "all things that are movable when a security interest attaches. The term includes (i) fixtures...." 810 ILCS 5/9-102(44).

Section 9-102(23) of the UCC, as adopted in Illinois, defines "consumer goods" as "goods that are used or bought for use primarily for personal, family, or household purposes." 810 ILCS 5/9-102(23).

Section 9-309 of the UCC governs perfection upon attachment of a security interest and provides in part as follows:

> Security interest perfected upon attachment. The following security interests are perfected when they attach:
> (1) a purchase-money security interest in consumer goods....

810 ILCS 5/9-309.

Section 9-102(41) of the UCC defines "fixtures" as "goods that have become so related to particular real property that an interest in them arises under real property law." 810 ILCS 5/9-102(41).

Section 9-334 of the UCC governs the priority of security interests in fixtures and provides in part as follows:

> Priority of security interests in fixtures and crops.
>
> (a) Security interest in fixtures under this Article. A security interest under this Article may be created in goods that are fixtures or may continue in goods that become fixtures. A security interest does not exist under this Article in ordinary building materials incorporated into an improvement on land.
> ***
> (c) General rule: subordination of security interest in fixtures. In cases not governed by subsections (d) through (h), a security interest in fixtures is subordinate to a conflicting interest of an encumbrancer or owner of the related real property other than the debtor.

2

> (d)  Fixtures purchase-money priority. Except as otherwise provided in subsection (h), a perfected security interest in fixtures has priority over a conflicting interest of an encumbrancer or owner of the real property if the debtor has an interest of record in or is in possession of the real property and:
>> (1) the security interest is a purchase-money security interest;
>> (2) the interest of the encumbrancer or owner arises before the goods become fixtures; and
>> (3) the security interest is perfected by a fixture filing before the goods become fixtures or within 20 days thereafter.

810 ILCS 5/9-334.

While the energy guard falls within the definition of "consumer goods," it also could fall within the definition of a "fixture." If it does, then a fixture filing or a filed mortgage would be required to create a secured debt.

To determine if the energy guard is a "fixture," state law needs to be considered. As is stated in White & Summers:

> Goods cross the line from pure goods to fixtures when they become sufficiently related to the real estate that they would pass in a deed under the local real estate law. What passes by deed in Minnesota may not pass in Wisconsin, and what is sufficiently related to a real estate interest in New York might not be sufficiently related in Georgia. Thus the general definition in 9-102(a)(41) is no more than a cross reference to state case law and state real estate statutes. What, then, are the state law principles governing when goods become fixtures?

James J. White & Robert S. Summers, UNIFORM COMMERCIAL CODE, Vol. I, (4th ed. 1995).

In Illinois the term "fixture" is usually applied to articles which were once tangible personal property, but which have been physically attached to the real estate so that they become a part thereof. *Material Service Corp. v. McKibbin*, 380 Ill. 226, 43 N.E.2d 939 (1942). "Anything placed on the land and intended to remain permanently in place becomes a part of the realty." *A & A Market, Inc. v. Pekin Ins. Co.,* 306 Ill.App.3d 485, 713 N.E.2d 1199, 1202, 239 Ill.Dec. 349 (Ill.App. 1 Dist. 1999). In determining whether an item is a fixture rather than a piece of personal property, the Illinois courts look at three factors: (1) the nature of the attachment to the real estate; (2) the item's adaptation to and necessity for the purpose for which the premises are devoted; and

3

(3) whether or not it was intended that the item should be part of the realty. *Nokomis Quarry Co. v. Dietl*, 333 Ill.App.3d 480, 775 N.E.2d 669, 673, 266 Ill.Dec. 829 (Ill.App. 5 Dist. 2002); *Harrisburg Community Unit School Dist. No. 3 v. Steapleton*, 195 Ill.App.3d 1020, 1024, 553 N.E.2d 76, 79, 142 Ill.Dec. 726 (Ill.App. 5 Dist. 1990). Intent is the crucial factor in determining whether an item constitutes a fixture rather than personalty. *Nokomis Quarry*, 775 N.E.2d at 673. The intent at issue must be the intent to permanently improve the real estate. *B. Kreisman & Co. v. First Arlington Nat. Bank of Arlington Heights*, 91 Ill.App.3d 847, 852-53, 415 N.E.2d 1070, 1074-75, 47 Ill.Dec. 757 (Ill.App. 2 Dist. 1980).

For the following reasons this Court concludes that the energy guard is a fixture. As previously noted, the energy guard is an insulation blanket that is installed in the attic by conforming it to the size of the attic, cutting it to fit around the roof support beams and stapling it into place so it would not move. If removed, it would have no utility for any other attic. If removed, damage to the underlying ceiling would occur. These features of the installation make the energy guard a fixture. As there was no fixture filing or recorded mortgage, American is an unsecured creditor and its objection to conformation should be denied.

At the hearing, the parties also indicated that although no formal objection to American's claim has been filed, once there was a ruling on the objection to confirmation, the Court's ruling would determine the status of American's claim as secured or unsecured. Based on the foregoing, the Court concludes American's claim should be allowed as an unsecured claim.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. See Order.

ENTERED: September 4, 2009

                                          /s/ William V. Altenberger
                                    UNITED STATES BANKRUPTCY JUDGE